GEORGE R. DESJARDINS *vs.* JORDAN LUMBER COMPANY.

Penobscot.    Opinion November 5, 1924.

"*Manufactured lumber*" *as used in Chap. 30, Public Laws of 1913, (R. S., Chap. 10, Sec. 14) means all manufactured lumber whatever its source and is not limited to lumber manufactured by portable mills.*

In the instant case the box boards of the defendant company sawn at the defendant's steam mills in Milford and piled on its sticking ground in Milford for the purpose of seasoning, and there situated on April 1, 1923, were legally taxable in Milford that year.

The fact that these box boards were intended later to be transported to the defendant's box mill in Old Town there to be manufactured into box shooks and sold in the ordinary course of business does not affect the legal situation. The word "manufactured" is used in this section in its ordinary sense as distinguished from "unmanufactured." When the logs have been sawn into boards in the Milford mills they no longer remain unmanufactured lumber, but "manufactured" within the meaning of this section, although they may pass through another process in Old Town.

On report on an agreed statement. An action to recover $2,700 as taxes assessed on April 1, 1923, by the city of Old Town upon certain box boards owned by defendant corporation doing business at said Old Town where it owned and operated a mill for manufacturing box

boards into box shooks. Defendant also owned and operated steam mills in Milford, where it had sawed the box boards in question and stuck them up on its sticking ground in said Milford, where they remained on April 1, 1923, when said tax was assessed, but later after they were seasoned, they were to be transported to the mill of defendant at Old Town and manufactured into box shooks. On the same property for the same year a tax had been assessed by the town of Milford and paid under protest. The question involved in the action was as to whether the property was taxable in Old Town. Upon an agreed statement of facts the cause was reported to the Law Court with a stipulation that if the property was taxable in Old Town judgment to be entered for plaintiff for $2,700 and interest from date of writ; otherwise judgment for defendant. Judgment for the defendant.

The opinion states the case.

*Stanley F. Needham,* for plaintiff.

*William H. Powell and Ryder & Simpson,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, SPEAR, STURGIS, BARNES, JJ.

CORNISH, C. J.   This is an action to recover the sum of $2,700 assessed by the city of Old Town upon certain box boards owned by the defendant and situated in the town of Milford on April 1, 1923, and comes before the Law Court on an agreed statement of facts, which shows the situation to have been as follows:

The Jordan Lumber Company is located in Old Town. It owned and operated at the time in question and for some previous years, permanent steam mills in Milford where these box boards had been sawn, and then were piled on the sticking ground of the defendant in Milford for the purpose of seasoning.

On said April 1, 1923, and for some years previous the defendant also owned and operated a mill in Old Town where it regularly manufactured these box boards into box shooks made up in regular sizes for boxes, but not nailed together. Defendant sold these box shooks from its office in Old Town and shipped them knocked down for the economy of space. The box boards taxed in this case were intended by the defendant to be transported from its sticking ground in Milford to its box mill in Old Town and there to be manufactured into box

shooks and sold in the ordinary course of business.    The defendant has paid under protest a tax assessed for the same year upon these boards by the town of Milford.

The question is, were these box boards under the statute in force on April 1, 1923, legally taxable by Old Town?

1.   ORIGINAL STATUTE.    R. S. (1903), Chap. 9, Sec. 13.

It is conceded by the defendant that prior to the passage of Chapter 140 of the Public Laws of 1911 and of Chapter 30 of the Public Laws of 1913, this property would have been legally taxable in Old Town.

The governing statute of that earlier period was R. S., (1903), Chap. 9, Sec. 13, viz.:  "All personal property employed  . . . . in the mechanic arts shall be taxed in the town where so employed on the first day of each April; provided that the owner, his servant, sub contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or shipyard therein for the purpose of such employment."   Public Laws of 1909, Chapter 4, added the word "storehouse" after the word "store," but that is unimportant here.

The court construed this statute to cover a case where lumber sawn and piled in one town was intended to be further manufactured into boxes in the company's mill in another town, and was taxable in the latter town, it being regarded as employed in the mechanic arts in the latter town.   This was squarely decided in *Boothbay* v. *Dupont De Nemours Powder Co.*, 109 Maine, 236, where the statutes and the precedents were carefully considered and the court reached the conclusion that the manufacture of lumber into boxes was unquestionably a mechanic art within the meaning of the statute, that it was so employed in the town where it was intended to be so manufactured, and that "property employed in the mechanic arts, as this lumber was employed, is not taxable in the town where found on April first if it is so employed in some other town in the State."

Had the statute remained unchanged judgment in the case at bar would follow for the plaintiff.

But it has been twice amended.

2.   AMENDMENT OF 1911.

This amendment adds to the original statute these words:  "All portable mills, logs, at or in the same town as said portable mills, to be manufactured at said portable mills and the lumber manufactured

by said portable mills, shall be taxed in the town where said portable mills, logs and lumber are on the first day of April each year." This amendment applied to portable mills, logs to be manufactured therein, and the product thereof alone, and rendered such property taxable in the town where located on April first. It in no way affects the question before us, because the lumber in question here is not the product of a portable but of a permanent mill.

### 3. AMENDMENT OF 1913.

The Legislature of 1913 again amended the statute, striking out entirely the amendment of 1911, and substituting therefor the following:

"Portable mills, logs in any town to be manufactured therein, and all manufactured lumber, excepting lumber in the possession of a transportation company and in transit, shall be taxed in the town where situated on the first day of April of each year."

So stood the statute when this tax was assessed. Its terms are broadened from "the lumber manufactured by said portable mills" as specified in the statute of 1911, to "all manufactured lumber" excepting that in possession of a transportation company and in transit. Should it be construed as meaning just what it says, all manufactured lumber, whatever its source, or is it still confined by the context to the lumber manufactured by portable mills, leaving other manufactured lumber to be governed by the first part of the paragraph and if it is further manufactured in another town, to be taxed in the latter town as employed in the mechanic arts in that town?

If any doubt might arise on this point from the language of the amendment itself taken with the context, it would seem to be removed when we consider the legislative history of this amendment of 1913, a source of information always open in the interpretation of statutes.

As originally introduced, the amending statute of 1913, (Chapter 30) simply struck out the word "portable" from the Act of 1911, so as to read: "All mills, logs, at or in the same town as said mills, and the lumber manufactured by said mills shall be taxed in the town where said mills, logs and lumber are on the first day of April of each year."

It was reported by the Committee and passed in a new draft in its present form, viz.: "Portable mills, logs in any town to be manu-

factured therein, and all manufactured lumber excepting lumber in the possession of a transportation company and in transit, shall be taxed in the town where situated on the first day of April of each year." As originally introduced the injunction to tax all mills in the town where located was unnecessary so far as permanent mills were concerned. They are real estate and must be taxed there like all other real estate. But portable mills are personal property and therefore to make the proper distinction the word "portable" was inserted in the new draft. The manufactured lumber however, was not confined to the product of portable mills but was left as in the original draft, "all manufactured lumber" &c. as it stood when the opening words were "all mills" &c.

In view of the plain words of the amendment of 1913, and also in view of the legislative history of that amendment, we are forced to the conclusion that the lumber in the case at bar was legally taxable in Milford and not in Old Town.

The learned counsel for the plaintiff raises the further point that even if lumber fully manufactured might be so taxable, yet as the box boards in question were intended to go through another process in Old Town and be changed into box shooks, they cannot be regarded as manufactured lumber under the amendment of 1913 but must still be regarded as property employed in the mechanic arts under the original and first part of R. S., Chap. 9, Sec. 13, before quoted. In other words, that "manufactured" must be construed as meaning wholly manufactured. We cannot assent to this interpretation. We think the word "manufactured" is used in its ordinary sense as distinguished from "unmanufactured." This amendment recognizes it. It specifies "logs . . . . to be manufactured." Certainly when the logs have passed through the mill and been converted into boards they no longer remain logs or unmanufactured lumber. They are manufactured though not perhaps fully so.

Our conclusion, therefore, is that the plaintiff cannot prevail and the entry must be:

*Judgment for Defendant.*